"We have before us a motion for relief in the above consolidated cases pursuant to Rule 152. The suits were to recover certain terminal charges. The defendant counterclaimed for linehaul rates applicable to the same shipments. Plaintiff did not reply to the counterclaim. The matter was referred to the Interstate Commerce Commission, which found that the rates claimed by plaintiff were inapplicable. The plaintiff explains it did not reply to the counterclaim because it thought it was based on the primary defense of the defendant in its interpretation and the inapplicability of the tariff provisions plaintiff relied on. By order of November 12, 1976, the court dismissed the plaintiffs petition and entered judgment on the counterclaim. From the latter, Rule 152 relief is sought.
"By order dated November 26, 1975, this court, in a similar case, held that the counterclaim of defendant was not timely filed because it was not filed within 90 days of the date the principal action was begun, citing 49 U.S.C. §§ 16(3)(a) and (d). Sacramento Northern Ry. v. United States, 208 Ct. Cl. 995. While plaintiff as a carrier by motor vehicle is subject not to the above provision, but to 49 U.S.C. § 304a, the similarity of statutory language indicates a similar result, and, therefore, the above-cited Sacramento Northern case is apparently a precedent applicable to motor carrier cases such as the one before us. By its authority; the counterclaim was not timely filed.
"Before the Sacramento Northern case, defendant was, it says, of the opinion that the filing of a petition tolled the *797 running of limitations on Government counterclaims. It does not, and hardly can deny knowing of Sacramento Northern soon after its filing date; the same counsel represented defendant in that case and this. Plaintiff says, and defendant does not dispute it, that the statutory provisions had not previously been interpreted to require filing of the counterclaim within 90 days of the institution of the original action. Plaintiff had already been confronted with the counterclaim, May 23, 1974, and had decided on its course of action respecting it. Plaintiff says it discpvered the Sacramento Northern decision 'only recently’ which is plausible since the first official publication of it, other than to the parties, was on January 10, 1977, the issue date of our official volume 208, while the Rule 152 petition was filed April 4, 1977. Counsel for plaintiff are located in Austin, Texas. Defendant’s opposition does not rely on any mere delay in filing the Rule 152 petition, still less allege any prejudice by delay.
"Defendant would have us limit the retroactive effect of the Sacramento Northern decision, but grounds for doing this do not appear. Defendant relies on our decision in Container Transport Int’l., Inc. v. United States, 199 Ct. Cl. 713, 468 F.2d 926 (1972), which limits the retroactive effect of the rule therein announced, but in that case we overruled a former decision on which carriers and shippers had relied. No such former decision is cited here. The case would appear governed by Rule 152(b)(1) as plaintiff has made a mistake or has been guilty of excusable neglect. The motion for relief is made within a reasonable time and within one year. It may be said that defendant likewise made an excusable mistake in its delay in counterclaiming, but it knew of its error by November 26, 1975, the date of the Sacramento Northern order. It did not move to correct the record, in any manner Rule 152, or otherwise, might permit. This analysis assumes the failure to counterclaim on time was not jurisdictional, and might have been corrected, but if it was jurisdictional, defendant’s position is not improved. The parties have not briefed whether this limitation period is jurisdictional, and we do not decide that question. Defendant further moved for judgment on its counterclaim after the decisive Sacramento Northern deci *798 sion and without calling it to the attention of the court. In summary, in view of the very unequal facilities of the parties for being aware of the Sacramento Northern decision and for taking prompt corrective action in recognition of its holding, and in view of the measures actually taken by both sides, we do not think that defendant shows any inequity in our allowing plaintiff relief from the judgment and an opportunity to set up the filing date of the counterclaim as a defense to it.
"Accordingly, on plaintiffs motion, defendant’s opposition, and the briefs of the parties thereon, IT IS ORDERED that judgment on defendant’s counterclaim is vacated and the cause is remanded to the Trial Division for further proceedings consistent with this order.”
After the remand the parties filed a stipulation stating that plaintiff agreed to pay and defendant agreed to accept $159.23 in full settlement of any and all claims relating to the allegations of plaintiffs petitions and defendant’s answers and counterclaims, and that plaintiff consented to entry of judgment against it in said amount. On July 18, 1977 the court ordered that judgment for $159.23 be, and is, entered against plaintiff in favor of the United States.